CSM Legal, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
JULIAN LANTIGUA, *individually and on*
*behalf of others similarly situated,*

|  |  |
|---|---|
| *Plaintiff*, | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION UNDER** |
|  | **29 U.S.C. § 216(b)** |
| LA CASA BONITA CORP (D/B/A CASA BONITA), CASA DOMINICANA OUTLET CORP (D/B/A CASA DOMINICANA), CRAZY HOT DEALS OUTLET CORP. (D/B/A CRAZY HOT DEALS), and MOHAMMAD AMSAD MOHAMMAD, | **ECF Case** |
| *Defendants.* |  |

-------------------------------------------------------X

Plaintiff Julian Lantigua ("Plaintiff Lantigua" or "Mr. Lantigua"), individually and on behalf of others similarly situated, by and through his attorneys, CSM Legal, P.C., upon his knowledge and belief, and as against La Casa Bonita Corp (d/b/a Casa Bonita), Casa Dominicana Outlet Corp (d/b/a Casa Dominicana), Crazy Hot Deals Outlet Corp. (d/b/a Crazy Hot Deals), ("Defendant Corporations"), and Mohammad Amsad Mohammad ("Individual Defendant"), (collectively, "Defendants"), alleges as follows:

### NATURE OF ACTION

1.      Plaintiff Lantigua is a former employee of Defendants La Casa Bonita Corp (d/b/a Casa Bonita), Casa Dominicana Outlet Corp (d/b/a Casa Dominicana), Crazy Hot Deals Outlet Corp. (d/b/a Crazy Hot Deals), and Mohammad Amsad Mohammad.

2.      Defendants own, operate, or control home goods stores, located at 1511 St. Nicholas Avenue, New York NY 10033, under the name "Casa Bonita", at 1448 St. Nicholas Avenue, New York, NY 10033, under the name "Casa Dominicana", and at 1446 St. Nicholas Avenue, New York, NY 10033, under the name "Crazy Hot Deals."

3.      Upon information and belief, individual Defendant Mohammad Amsad Mohammad, serves or served as owner, manager, principal, or agent of Defendant Corporations and, through these corporate entities, operates or operated the home goods stores as a joint or unified enterprise.

4.      Plaintiff Lantigua was employed as a street vendor, stocker and bag checker at the home goods stores located at 1511 St. Nicolas Avenue, New York NY 10033, 1448 St. Nicholas Avenue, New York, NY 10033, and 1446 St. Nicholas Avenue, New York, NY 10033.

5.      At all times relevant to this Complaint, Plaintiff Lantigua worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that he worked.

6.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Lantigua appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Defendants' conduct extended beyond Plaintiff Lantigua to all other similarly situated employees.

8.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Lantigua and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

9.      Plaintiff Lantigua now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

10.     Plaintiff Lantigua now brings this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Lantigua's state law claims under 28 U.S.C. § 1367(a).

12.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate electronics store located in this district. Further, Plaintiff Lantigua was employed by Defendants in this district.

## PARTIES

### *Plaintiff*

13.     Plaintiff Julian Lantigua ("Plaintiff Lantigua" or "Mr. Lantigua") is an adult individual residing in New York County, New York.

14.     Plaintiff Lantigua was employed by Defendants at Crazy Hot Deals, Casa Bonita and Casa Dominicana from approximately May 2020 until on or about March 27, 2023.

15.     Plaintiff Lantigua consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

16.     At all relevant times, Defendants own, operate, or control home goods stores, located at 1511 St. Nicolas Avenue, New York NY 10033, under the name "Casa Bonita", at 1448 St. Nicholas Avenue, New York, NY 10033, under the name "Casa Dominicana", and at 1446 St. Nicholas Avenue, New York, NY 10033, under the name "Crazy Hot Deals".

17.     Upon information and belief, La Casa Bonita Corp (d/b/a Casa Bonita) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1511 St. Nicolas Avenue, New York NY 10033.

18.     Upon information and belief, Casa Dominicana Outlet Corp (d/b/a Casa Dominicana) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1448 St. Nicholas Avenue, New York, NY 10033.

19.     Upon information and belief, Crazy Hot Deals Outlet Corp. (d/b/a Crazy Hot Deals) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1446 St. Nicholas Avenue, New York, NY 10033.

20.     Defendant Mohammad Amsad Mohammad is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Mohammad Amsad Mohammad is sued individually in his capacity as owner of Defendant Corporations. Defendant Mohammad Amsad Mohammad possesses operational control over Defendant

Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Lantigua, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

21.     Defendants operate home goods stores located in the Fort George section of Manhattan in New York City.

22.     Individual Defendant, Mohammad Amsad Mohammad, possesses operational control over Defendant Corporations, possesses ownership interests in Defendant Corporations, or controls significant functions of Defendant Corporations.

23.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

24.     Each Defendant possessed substantial control over Plaintiff Lantigua's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Lantigua, and all similarly situated individuals, referred to herein.

25.     Defendants jointly employed Plaintiff Lantigua (and all similarly situated employees) and are Plaintiff Lantigua's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

26.     In the alternative, Defendants constitute a single employer of Plaintiff Lantigua and/or similarly situated individuals.

27.     Upon information and belief, Individual Defendant Mohammad Amsad Mohammad operates Defendant Corporations as either alter egos of himself and/or fails to operate Defendant Corporations as entities legally separate and apart from himself, by among other things:

    a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

    b)  defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c)  transferring assets and debts freely as between all Defendants,

    d)  operating Defendant Corporations for his own benefit as the sole or majority shareholders,

    e)  operating Defendant Corporations for his own benefit and maintaining control over these corporations as closed Corporations,

    f)  intermingling assets and debts of his own with Defendant Corporations,

    g)  diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect his own interests, and

    h)  Other actions evincing a failure to adhere to the corporate form.

28.     At all relevant times, Defendants were Plaintiff Lantigua's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Lantigua, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Lantigua's services.

29.     In each year, from 2020 through 2023, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

30.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the electronics stores on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

31.     Plaintiff Lantigua is a former employee of Defendants who was employed as street vendor, stocker and bag checker.

32.     Plaintiff Lantigua seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Julian Lantigua*

33.     Plaintiff Lantigua was employed by Defendants from approximately May 2020 until on or about March 27, 2023.

34.     Defendants employed Plaintiff Lantigua as a merchandise vendor, stocker, and bag checker.

35.     Plaintiff Lantigua regularly handled goods in interstate commerce, such as electronic products and other supplies produced outside the State of New York.

36.     Plaintiff Lantigua's work duties required neither discretion nor independent judgment.

37.     Throughout his employment with Defendants, Plaintiff Lantigua regularly worked in excess of 40 hours per week.

38.     From approximately May 2020 until on or about June 2020, Plaintiff Lantigua worked for Defendants as a street vendor from approximately 10:00 a.m. until on or about 7:00 p.m., 3 to4 days per week (typically 27 to 36 hours per week).

39.     From approximately July 2020 until on or about December 2020, Plaintiff Lantigua worked at Casa Bonita from approximately 10:00 a.m. until on or about 7:00 p.m., 7 days per week (typically 63 hours per week).

40.     From approximately January 2021 until on or about June 2021, Plaintiff Lantigua worked at Casa Bonita from approximately 10:00 a.m. until on or about 7:00 p.m., 6 days per week (typically 54 hours per week).

41.     From approximately July 2021 until on or about October 2021, Plaintiff Lantigua worked at Casa Bonita from approximately 10:00 a.m. until on or about 7:00 p.m., 4 days per week (typically 36 hours per week).

42.     From approximately November 2021 until on or about March 2022, Plaintiff Lantigua worked at Casa Bonita from approximately 10:00 a.m. until on or about 7:00 p.m., 5 days per week (typically 45 hours per week).

43.     From approximately April 2022 until on or about September 2022, Plaintiff Lantigua worked at Casa Bonita from approximately 10:00 a.m. until on or about 7:00 p.m., 7 days a week (typically 63 hours per week).

44.     During approximately October 2022, Plaintiff Lantigua worked at Casa Bonita from approximately 10:00 a.m. until on or about 7:00 p.m., 6 days a week (typically 54 hours per week).

45.     From approximately November 2022 until on or about December 24, 2022, Plaintiff Lantigua worked at Casa Bonita and Casa Dominicana from approximately 10:00 a.m. until on or about 7:00 p.m., 6 days per week (typically 54 hours per week).

46.     From approximately January 2023 until on or about March 27, 2023 Plaintiff Lantigua worked at Crazy Hot Deals from approximately 10:00 a.m. until on or about 7:00 p.m., 3 to6 days per week (typically 27 to 54 hours per week).

47.     Throughout his employment, Defendants paid Plaintiff Lantigua his wages in cash.

48.     From approximately May 2020 until on or about March 27, 2023, Defendants paid Plaintiff Lantigua a fixed salary of $90 per day.

49.     Defendants never granted Plaintiff Lantigua any breaks or meal periods of any kind.

50.     Plaintiff Lantigua was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

51.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Lantigua regarding overtime and wages under the FLSA and NYLL.

52.     Defendants did not provide Plaintiff Lantigua an accurate statement of wages, as required by NYLL 195(3).

53.     Defendants did not give any notice to Plaintiff Lantigua, in English and in Spanish (Plaintiff Lantigua's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

54.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Lantigua (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage and overtime compensation as required by federal and state laws.

55.    Plaintiff Lantigua was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

56.    Defendants' pay practices resulted in Plaintiff Lantigua not receiving payment for all his hours worked, and resulted in Plaintiff Lantigua's effective rate of pay falling below the required minimum wage rate.

57.    Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

58.    Defendants paid Plaintiff Lantigua his wages in cash.

59.    Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

60.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Lantigua (and similarly situated individuals) worked, and to avoid paying Plaintiff Lantigua properly for his full hours worked.

61.    Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

62.    Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Lantigua and other similarly situated former workers.

63.    Defendants failed to provide Plaintiff Lantigua and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that

payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

64.     Defendants failed to provide Plaintiff Lantigua and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

65.     Plaintiff Lantigua brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

66.     At all relevant times, Plaintiff Lantigua and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay

at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

67.     The claims of Plaintiff Lantigua stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

68.     Plaintiff Lantigua repeats and realleges all paragraphs above as though fully set forth herein.

69.     At all times relevant to this action, Defendants were Plaintiff Lantigua's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Lantigua (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

70.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

71.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

72.     Defendants failed to pay Plaintiff Lantigua (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

73.     Defendants' failure to pay Plaintiff Lantigua (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

74.     Plaintiff Lantigua (and the FLSA Class members) were damaged in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**

**VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA**

75.     Plaintiff Lantigua repeats and realleges all paragraphs above as though fully set forth herein.

76.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Lantigua (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

77.     Defendants' failure to pay Plaintiff Lantigua (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

78.     Plaintiff Lantigua (and the FLSA Class members) were damaged in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**

**VIOLATION OF THE NEW YORK MINIMUM WAGE ACT**

79.     Plaintiff Lantigua repeats and realleges all paragraphs above as though fully set forth herein.

80.     At all times relevant to this action, Defendants were Plaintiff Lantigua's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Lantigua, controlled the terms and conditions of her employment, and determined the rates and methods of any compensation in exchange for her employment.

81.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Lantigua less than the minimum wage.

82.     Defendants' failure to pay Plaintiff Lantigua the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

83.     Plaintiff Lantigua was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

84.      Plaintiff Lantigua repeats and realleges all paragraphs above as though fully set forth herein.

85.      Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Lantigua overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

86.      Defendants' failure to pay Plaintiff Lantigua overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

87.      Plaintiff Lantigua was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

88.      Plaintiff Lantigua repeats and realleges all paragraphs above as though fully set forth herein.

89.      Defendants failed to provide Plaintiff Lantigua with a written notice, in English and in Spanish (Plaintiff Lantigua's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used

by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

90.     Defendants are liable to Plaintiff Lantigua in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

91.     Plaintiff Lantigua repeats and realleges all paragraphs above as though fully set forth herein.

92.     With each payment of wages, Defendants failed to provide Plaintiff Lantigua with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

93.     Defendants are liable to Plaintiff Lantigua in the amount of $5,000, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Lantigua respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Lantigua and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Lantigua and the FLSA Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Lantigua's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Lantigua and the FLSA Class members;

(f)     Awarding Plaintiff Lantigua and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Lantigua and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Lantigua;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Lantigua;

(j)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Lantigua's compensation, hours, wages and any deductions or credits taken against wages;

(k)     Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Lantigua;

(l)     Awarding Plaintiff Lantigua damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable:

(m)     Awarding Plaintiff Lantigua damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)     Awarding Plaintiff Lantigua liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o)     Awarding Plaintiff Lantigua and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(p)      Awarding Plaintiff Lantigua and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(q)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)      All such other and further relief as the Court deems just and proper.

## **<u>JURY DEMAND</u>**

Plaintiff Lantigua demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

October 24, 2023

CSM LEGAL, P.C

By:      /s/ Catalina Sojo, Esq.
Catalina Sojo [CS-5779517]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# CSM Legal, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

_____

catalina@csmlegal.com

October 24, 2023

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                  <u>Julian Lantigua</u>

Legal Representative / Abogado:   <u>CSM Legal, P.C.</u>

Signature / Firma:

Date / Fecha:                    <u> 24 de octubre 2023</u>

*Certified as a minority-owned business in the State of New York*